IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION

UNITED STATES OF AMERICA,        )
                                 )
            Plaintiff,           )
                                 )
     v.                          )   No.  07 C 3665
                                 )       (90 CR 935)
RICARDO VILLAGRANA,              )
                                 )
            Defendant.           )

                MEMORANDUM OPINION AND ORDER

     Ricardo Villagrana ("Villagrana") has just tendered a 28 U.S.C. §2255[1] motion by which he seeks to have his 60-month consecutive sentence under 18 U.S.C. §924(c) vacated, based on the United States Supreme Court's post-sentencing decisions in <u>Bailey v. United States</u>, 516 U.S. 137 (1995) and <u>Bousley v. United States</u>, 523 U.S. 614 (1998).  As might be expected from the vintage of Villagrana's underlying criminal case (No. 90 CR 935) and from the related fact that his conviction and sentence go back to November 1991, his threshold problem (which he acknowledges in his filing) is one of demonstrating timeliness.  Hence this memorandum opinion and order, the result of this Court's preliminary review under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules"), need not reach the substantive applicability of the <u>Bailey</u> and <u>Bousley</u> opinions.

---

    [1] All further references to Title 28's provisions will simply take the form "Section--."

Villagrana complains that his trial counsel Daniel Radakovich ("Radakovich"), after a thorough but unsuccessful direct appeal (see our Court of Appeals' opinion at 5 F.3d 1048 (7th Cir. 1993)), misled him for several years by falsely representing that Radakovich had filed a Section 2255 motion as Villagrana says he had requested.  But even if that were so,[2] on Villagrana's own version of events he learned in August <u>1999</u> that no such motion had been filed and, after what he says were extended unsuccessful efforts to reach Radakovich, he was able in June <u>2004</u> to obtain all of the legal papers necessary for the filing of a Section 2255 motion.

At that point (more accurately, a few months later in October 2004) Villagrana retained another lawyer--Robert Ratliff ("Ratliff")--for what he says was the express purpose of filing a Section 2255 motion.  Instead Ratliff, believing that a Section 2255 motion would be untimely under AEDPA, prepared and filed a Section 2241 petition for habeas corpus in Case No. 2:05-cv-127-LJM-WGH in the United States District Court for the Southern District of Indiana (the correct district for seeking habeas relief, for that is where Villagrana is in custody).  That petition was squarely based on the <u>Bailey</u> case as assertedly

---

[2] This opinion neither makes nor implies any finding in that respect.  Instead Villagrana's assertions will be credited arguendo, because as will be seen his current effort fails in any event.

2

establishing Villagrana's actual innocence of the gun offense as charged in the indictment, thus invalidating his 60-month consecutive sentence.

That effort to obtain post-conviction relief on the strength of the Bailey decision was denied at the District Court level on July 8, 2005, on the ground that a Section 2255 remedy had been available to Villagrana and was therefore not "inadequate or ineffective" so as to make Section 2241 an available remedy. And the dismissal of that petition was then affirmed by our Court of Appeals on November 17, 2005 by an unpublished order in its Case No. 05-3482, which concluded by stating:

> The district court also declined to construe the papers as a §2255 motion and transfer it to the sentencing court because such a transfer would be futile. Again, the district court was correct; a §2255 motion would now be untimely.

Next the Court of Appeals denied rehearing on December 21, 2005. Finally, Villagrana filed for certiorari pro se, and the Supreme Court denied that effort on March 20, 2006. According to Villagrana, the 15-month delay since then is ascribable to his not having been able to secure his legal documents from his second lawyer, Ratliff, for a full year.

Thus Villagrana asserts that he was ill-served by both attorneys--not only by Radakovich but then by Ratliff as well, the latter because Ratliff did not argue that AEDPA's one-year limitations period should have been equitably tolled so as to

3

open the route for a challenge under Section 2255 rather than Section 2241. That, says Villagrana, calls for the application of equitable tolling now to excuse the multiyear delay in bringing this--his first--Section 2255 motion.[3]

That won't wash even if Villagrana were to be indulged the most favorable of assumptions. In those terms, assume that the claimed inaction by Radakovich--the attorney who, after representing Villagrana both at trial and direct appeal, allegedly promised to pursue a Section 2255 route but then assertedly broke that promise and strung Villagrana along with further false representations--entitled Villagrana to the benefit of equitable tolling (on that score, see Goedeke v. McBride, 437 F.Supp.2d 590 (S.D. W.Va. 2006), cited by Villagrana).[4]

Even on those assumptions (as n.2 indicates, the validity or invalidity of their factual and legal components need not be resolved here), such a potential for equitable tolling ran out no

---

[3] Villagrana's description of events in his supporting memorandum of law omits any reference to our Court of Appeals' express earlier-quoted November 17, 2005 statement that "a §2255 motion would now be untimely." That holding alone would by its plain terms scotch Villagrana's present motion. But this opinion will go on to demonstrate that he must fail even if that statement were not to be viewed as precluding any current effort to invoke Section 2255.

[4] Although the Supreme Court has not squarely addressed the availability of equitable tolling in the habeas context, it recently assumed such availability under Section 2244 arguendo in Lawrence v. Florida, 549 U.S. --, 127 S.Ct. 1079, 1085 n.3 (2007).

4

later than June 2004, when Villagrana had recaptured all of the materials that were needed to initiate a Section 2255 proceeding. More precisely, perhaps that assumed expiration date may fairly be extended by the time that Villagrana needed to retain new counsel (as he asserts, that took place in October 2004), plus the time that the new counsel needed to prepare and file such a proceeding (Villagrana recounts that took until May 5, 2005).[5]

And that is really the end of the line for Villagrana's effort to label his current effort as timely.  At that point the analysis shifts in a way fatal to Villagrana, for what he really complains about is that Ratliff brought his <u>Bailey</u>-based argument to the wrong court via the wrong legal vehicle--that Ratliff chose a Section 2241 filing rather than a Section 2255 motion to urge that the post-conviction decision in <u>Bailey</u> required Villagrana's conviction and 60-month consecutive sentence on his gun charge to be overturned.

When the argumentative veneer is stripped away, that really boils down to a contention that Ratliff provided Villagrana with inadequate representation.  And because it is firmly established that there is no federal constitutional right to counsel on such

---

[5] As with the other assumptions that have been set out here in an effort to give Villagrana the benefit of the most favorable possible scenario and to show that he strikes out even on that basis, the passage of nearly a whole year between the June 2004 and May 2005 dates makes an adoption of the required premises more dubious.  But once more the critical point is that Villagrana fails even on those terms.

5

post-conviction collateral review (see, e.g., Coleman v. Thompson, 501 U.S. 722 (1991)), the most that Villagrana can urge is that Ratliff was mistaken--a kind of attorney negligence claim that is neither cognizable for Section 2255 purposes nor amounts to the "extraordinary circumstances" required to support equitable tolling (see, e.g., Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir. 1999), one of a host of cases from around the country cited for that proposition in Rouse v. Lee, 339 F.3d 238, 248-49 (4th Cir. 2003)(en banc), a decision that was discussed at length in the Goedeke District Court opinion that Villagrana seeks to rely on here).[6]

And so Villagrana's time to bring the current Section 2255 motion expired some years ago. That is what our Court of Appeals said unequivocally back in 2005, and the same conclusion is compelled quite apart from that statement even if the circumstances that Villagrana has narrated are viewed through a most generous factual and legal lens. That being so, here is the directive in Section 2255 Rule 4:

> If it plainly appears from the motion, any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

---

[6] Thus Goedeke, quite apart from its nonprecedential value as a District Court opinion, is arguably applicable to the Radakovich representation but is not to Ratliff's.

That is the case here, and this Court so orders.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 2, 2007