IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Appellee, ) | |
| ) | |
| v. ) | No. 07 C 3665 |
| ) | (90 CR 935) |
| RICARDO VILLAGRANA, ) | |
| ) | |
| Defendant-Appellant. ) | |

MEMORANDUM ORDER AND STATEMENT

Ricardo Villagrana ("Villagrana") has filed a notice of appeal from this Court's July 2, 2007 denial of his 28 U.S.C. §2255[1] motion attacking one aspect of his 1991 sentence in this case (on September 24, 1993 the conviction and sentence had been affirmed on direct appeal to our Court of Appeals, reported at 5 F.3d 1048 (7th Cir. 1993)). In conjunction with his current notice of appeal, Villagrana has submitted an Application for Certificate of Appealability ("COA") pursuant to Section 2253(c) and Fed. R. App. P. 22.

But before this Court addresses that subject, it turns to Villagrana's required compliance with Section 1915. Although a Section 2255 motion (even an extremely belated one such as Villagrana's) is treated as a continuing part of the underlying criminal case,[2] so that no District Court filing fee is required,

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

[2] Here the additional assignment of a civil case number is solely a matter of administrative convenience.

an appeal carries its own independent filing fee requirement, thus obligating Villagrana to pay the $455 aggregate of such fees. Hence Villagrana is ordered either to pay the $455 in fees or, alternatively, to submit pursuant to Section 1915:

> 1. a completed In Forma Pauperis Application (copies of the form for that purpose are being sent to him together with a copy of this order) and
>
> 2. a printout covering all transactions in his prisoner trust fund account for the six-month period preceding his notice of appeal.

If Villagrana pursues the latter course, this Court will promptly determine his eligibility for in forma pauperis status and, if he is so eligible, the initial partial payment required pursuant to Section 1915(b)(1).

As for the COA, this Court's July 2 memorandum opinion and order (a copy of which is attached) explains why Villagrana cannot be viewed as having demonstrated a substantial showing of the denial of a constitutional right. This Court has reviewed Villagrana's application for a COA and has determined that the basis for its July 2 ruling also obviated any need to discuss the subjects that Villagrana lists as assertable errors because of such failure.

Villagrana is of course entitled to apply to the Court of Appeals for a COA pursuant to Section 2253(c)(1). In the

meantime, however, he continues to be required to pay the $455 in filing fees or to comply with the Section 1915 requirements set out at the outset of this order on or before August 20, 2007 (unless in that instance he advises this Court that he has requested a printout of his trust fund account transactions but its production has been delayed). If he fails to conform to the provisions in this paragraph, this Court would expect to recommend to our Court of Appeals that the appeal be dismissed for nonpayment of the filing fees or of the initial payment on account of such fees, as the case may be.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 31, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,           )
                                    )
            Plaintiff,              )
                                    )
    v.                              )    No.  07 C 3665
                                    )        (90 CR 935)
RICARDO VILLAGRANA,                 )
                                    )
            Defendant.              )

## MEMORANDUM OPINION AND ORDER

Ricardo Villagrana ("Villagrana") has just tendered a 28 U.S.C. §2255[3] motion by which he seeks to have his 60-month consecutive sentence under 18 U.S.C. §924(c) vacated, based on the United States Supreme Court's post-sentencing decisions in <u>Bailey v. United States</u>, 516 U.S. 137 (1995) and <u>Bousley v. United States</u>, 523 U.S. 614 (1998).  As might be expected from the vintage of Villagrana's underlying criminal case (No. 90 CR 935) and from the related fact that his conviction and sentence go back to November 1991, his threshold problem (which he acknowledges in his filing) is one of demonstrating timeliness.  Hence this memorandum opinion and order, the result of this Court's preliminary review under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules"), need not reach the substantive

---

   [3]   All further references to Title 28's provisions will simply take the form "Section--."

4

applicability of the Bailey and Bousley opinions.

Villagrana complains that his trial counsel Daniel Radakovich ("Radakovich"), after a thorough but unsuccessful direct appeal (see our Court of Appeals' opinion at 5 F.3d 1048 (7th Cir. 1993)), misled him for several years by falsely representing that Radakovich had filed a Section 2255 motion as Villagrana says he had requested. But even if that were so,[4] on Villagrana's own version of events he learned in August 1999 that no such motion had been filed and, after what he says were extended unsuccessful efforts to reach Radakovich, he was able in June 2004 to obtain all of the legal papers necessary for the filing of a Section 2255 motion.

At that point (more accurately, a few months later in October 2004) Villagrana retained another lawyer--Robert Ratliff ("Ratliff")--for what he says was the express purpose of filing a Section 2255 motion. Instead Ratliff, believing that a Section 2255 motion would be untimely under AEDPA, prepared and filed a Section 2241 petition for habeas corpus in Case No. 2:05-cv-127-LJM-WGH in the United States District Court for the Southern District of Indiana (the correct district for seeking habeas relief, for that is where Villagrana is in custody). That

---

[4] This opinion neither makes nor implies any finding in that respect. Instead Villagrana's assertions will be credited arguendo, because as will be seen his current effort fails in any event.

5

petition was squarely based on the Bailey case as assertedly establishing Villagrana's actual innocence of the gun offense as charged in the indictment, thus invalidating his 60-month consecutive sentence.

That effort to obtain post-conviction relief on the strength of the Bailey decision was denied at the District Court level on July 8, 2005, on the ground that a Section 2255 remedy had been available to Villagrana and was therefore not "inadequate or ineffective" so as to make Section 2241 an available remedy. And the dismissal of that petition was then affirmed by our Court of Appeals on November 17, 2005 by an unpublished order in its Case No. 05-3482, which concluded by stating:

> The district court also declined to construe the papers as a §2255 motion and transfer it to the sentencing court because such a transfer would be futile. Again, the district court was correct; a §2255 motion would now be untimely.

Next the Court of Appeals denied rehearing on December 21, 2005. Finally, Villagrana filed for certiorari pro se, and the Supreme Court denied that effort on March 20, 2006. According to Villagrana, the 15-month delay since then is ascribable to his not having been able to secure his legal documents from his second lawyer, Ratliff, for a full year.

Thus Villagrana asserts that he was ill-served by both attorneys--not only by Radakovich but then by Ratliff as well, the latter because Ratliff did not argue that AEDPA's one-year

6

limitations period should have been equitably tolled so as to open the route for a challenge under Section 2255 rather than Section 2241. That, says Villagrana, calls for the application of equitable tolling now to excuse the multiyear delay in bringing this--his first--Section 2255 motion.[5]

That won't wash even if Villagrana were to be indulged the most favorable of assumptions. In those terms, assume that the claimed inaction by Radakovich--the attorney who, after representing Villagrana both at trial and direct appeal, allegedly promised to pursue a Section 2255 route but then assertedly broke that promise and strung Villagrana along with further false representations--entitled Villagrana to the benefit of equitable tolling (on that score, see Goedeke v. McBride, 437 F.Supp.2d 590 (S.D. W.Va. 2006), cited by Villagrana).[6]

Even on those assumptions (as n.2 indicates, the validity or invalidity of their factual and legal components need not be

---

[5] Villagrana's description of events in his supporting memorandum of law omits any reference to our Court of Appeals' express earlier-quoted November 17, 2005 statement that "a §2255 motion would now be untimely." That holding alone would by its plain terms scotch Villagrana's present motion. But this opinion will go on to demonstrate that he must fail even if that statement were not to be viewed as precluding any current effort to invoke Section 2255.

[6] Although the Supreme Court has not squarely addressed the availability of equitable tolling in the habeas context, it recently assumed such availability under Section 2244 arguendo in Lawrence v. Florida, 549 U.S. --, 127 S.Ct. 1079, 1085 n.3 (2007).

7

resolved here), such a potential for equitable tolling ran out no later than June 2004, when Villagrana had recaptured all of the materials that were needed to initiate a Section 2255 proceeding. More precisely, perhaps that assumed expiration date may fairly be extended by the time that Villagrana needed to retain new counsel (as he asserts, that took place in October 2004), plus the time that the new counsel needed to prepare and file such a proceeding (Villagrana recounts that took until May 5, 2005).[7]

And that is really the end of the line for Villagrana's effort to label his current effort as timely.  At that point the analysis shifts in a way fatal to Villagrana, for what he really complains about is that Ratliff brought his Bailey-based argument to the wrong court via the wrong legal vehicle--that Ratliff chose a Section 2241 filing rather than a Section 2255 motion to urge that the post-conviction decision in Bailey required Villagrana's conviction and 60-month consecutive sentence on his gun charge to be overturned.

When the argumentative veneer is stripped away, that really boils down to a contention that Ratliff provided Villagrana with inadequate representation.  And because it is firmly established

---

[7] As with the other assumptions that have been set out here in an effort to give Villagrana the benefit of the most favorable possible scenario and to show that he strikes out even on that basis, the passage of nearly a whole year between the June 2004 and May 2005 dates makes an adoption of the required premises more dubious.  But once more the critical point is that Villagrana fails even on those terms.

8

that there is no federal constitutional right to counsel on such post-conviction collateral review (see, e.g., Coleman v. Thompson, 501 U.S. 722 (1991)), the most that Villagrana can urge is that Ratliff was mistaken--a kind of attorney negligence claim that is neither cognizable for Section 2255 purposes nor amounts to the "extraordinary circumstances" required to support equitable tolling (see, e.g., Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir. 1999), one of a host of cases from around the country cited for that proposition in Rouse v. Lee, 339 F.3d 238, 248-49 (4th Cir. 2003)(en banc), a decision that was discussed at length in the Goedeke District Court opinion that Villagrana seeks to rely on here).[8]

And so Villagrana's time to bring the current Section 2255 motion expired some years ago. That is what our Court of Appeals said unequivocally back in 2005, and the same conclusion is compelled quite apart from that statement even if the circumstances that Villagrana has narrated are viewed through a most generous factual and legal lens. That being so, here is the directive in Section 2255 Rule 4:

> If it plainly appears from the motion, any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

---

[8] Thus Goedeke, quite apart from its nonprecedential value as a District Court opinion, is arguably applicable to the Radakovich representation but is not to Ratliff's.

That is the case here, and this Court so orders.

```
                              _____
                              Milton I. Shadur
                              Senior United States District Judge
```

Date:  July 2, 2007