IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Appellee, ) | |
| ) | |
| v. ) | No. 07 C 3665 |
| ) | (USCA No. 07-2840) |
| RICARDO VILLAGRANA, ) | |
| ) | |
| Defendant-Appellant. ) | |

MEMORANDUM ORDER

On July 31, 2007, just one day after Ricardo Villagrana ("Villagrana") filed a notice of appeal from this Court's July 2, 2007 denial of his motion filed under 28 U.S.C. §2255,[1] this Court issued its memorandum order and statement that (1) drew Villagrana's attention to his need to comply with Section 1915's requirements if he were unable to pay the $455 in appellate filing fees up front and (2) stated why, in this Court's judgment, Villagrana did not qualify for the issuance of a certificate of appealability. Although Villagrana promptly complied with the first aspect of this Court's ruling by filing an in forma pauperis application and a printout covering the transactions in his trust fund account at FCI Terre Haute, Indiana,[2] the Clerk's Office inexplicably failed to provide this

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

[2] Villagrana signed those papers on August 9, and they were received in the Clerk's Office on August 16.

Court with a copy of those documents until now.[3] This Court has reviewed the trust fund account printout and has determined pursuant to Section 1915 that the average monthly deposits to that account during the six-month period ended July 30 came to $396.65, 20% of which is $79.33.

Accordingly Villagrana is granted leave to proceed with this appeal without prepayment of all the appellate filing fees. But he is assessed an initial fee of $79.33 on account of those aggregate filing fees, and the Terre Haute trust fund officer is ordered to collect that amount from Villagrana's trust fund account there and to pay it directly to the Clerk of Court ("Clerk"):

>    Office of the Clerk
>    United States District Court
>    219 South Dearborn Street
>    Chicago IL 60604
>
>    Attention:  Fiscal Department

After such payment, the trust fund officer at Terre Haute (or at any other correctional facility where Villagrana may hereafter be confined) is authorized to collect monthly payments

---

[3] Whenever a party fails to comply with a local rule in connection with a court filing (in this instance, by not providing the required courtesy copy for the court together with the original), the Clerk's Office is supposed to accept the filing but to provide a deficiency notification to the judge to whose calendar the case is assigned. That was not done here, and this Court has asked its minute clerk to see whether some procedure can be established in the Clerk's Office to prevent matters from falling between the cracks, as took place here.

from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account.  Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $455 in filing fees is paid.  Both the initial payment and all future payments shall clearly identify Villagrana's name and the 07-2840 United States Court of Appeals case number assigned to this action.  To implement these requirements, the Clerk shall send a copy of this order to the Terre Haute trust fund officer.

```
                          _____
                          Milton I. Shadur
                          Senior United States District Judge
```

Date:  September 19, 2007