IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,    )
                             )
        Plaintiff,            )
                             )
    v.                       )    No. 07 C 3665
                             )
RICARDO VILLAGRANA,          )
                             )
        Defendant.           )

## MEMORANDUM ORDER

This Court has received from the Clerk's Office photocopies of two documents self-prepared by Ricardo Villagrana ("Villagrana") that had been received in that office on April 7: (1) an Application for Certificate of Appealability and (2) a Memorandum in support of that Application. Those documents are extraordinarily puzzling under the circumstances and, at a minimum, do not support the issuance of such a certificate ("COA" for convenience).

What the docket in this case[1] discloses is that Villagrana had previously filed a 28 U.S.C. §2255[2] motion to vacate, set aside or correct his sentence back on June 29, 2007. This Court

---

[1] This District Court's practice, purely as a procedural matter, is to assign a civil case number to any post-conviction proceedings instituted by or on behalf of a person convicted on federal criminal charges. That practice facilitates the development and maintenance of a separate docket for such post-conviction proceedings, without the record of those proceedings becoming enmeshed in the criminal docket that deals with the underlying conviction.

[2] All further references to Title 28's provisions will simply take the form "Section--."

promptly (on July 2) issued a memorandum opinion and order ("Opinion," reported at 494 F.Supp.2d 957) that dismissed the Section 2255 motion and terminated the civil case.

Next Villagrana filed an application for a COA on July 30, 2007, and on July 31 this Court entered its memorandum order that attached a copy of the Opinion and explained why in this Court's view no COA should be issued. In addition the July 31 memorandum order stated that Villagrana would either have to comply with the requirements of Section 1915 to qualify for in forma pauperis treatment or, alternatively, would have to pay the $455 in appellate filing fees in advance.[3] Finally, on April 14, 2008 our Court of Appeals issued its mandate that stated in part:

> This court has reviewed the final order of the district court and the record on appeal. We find no substantial showing of the denial of a constitutional right. See 28 U.S.C. Section 2253(c)(2). Accordingly, the request for a certificate of appealability is denied. Villagrana's motion to proceed in forma pauperis is denied.

Three years of silence have elapsed since then. Nothing in Villagrana's current Application for a COA or his supporting Memorandum even suggests that this second effort to obtain post-conviction relief is timely. Indeed, Villagrana's Memorandum seeks to point to the decision in Bailey v. United States, 516

---

[3] On September 19, 2007, because Villagrana had then properly pursued the first alternative, this Court ordered payment of the appellate filing fees in installments as provided in Section 1915(b)(1) and (b)(2).

U.S. 137 (1995) as assertedly invalidating his conviction, heedless of the facts (1) that he had previously raised the Bailey case in his first Section 2255 motion and (2) that the Opinion (and consequently the Court of Appeals' confirmatory mandate) had rejected that effort. Villagrana cannot in good conscience relitigate the issue--particularly when his earlier effort was itself untimely.

Accordingly this Court finds that no COA should issue. As always (and as Villagrana did the first time around), that issue may be presented to the Court of Appeals for its consideration.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 19, 2011